The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACK D. JORGENSEN, DMD, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 2:22-cv-00474-BJR |
| THE DENTISTS INSURANCE COMPANY, | ORDER GRANTING MOTION TO STAY |
| Defendant. | |

## I.  INTRODUCTION

Plaintiffs Jack D. Jorgensen, DMD, et al., filed this breach of contract action against Defendant The Dentists Insurance Company in April 2022. Currently before the Court is Plaintiff's motion to stay this case pending the Washington Supreme Court's ruling in *Hill & Stout*. Having reviewed the motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will grant Plaintiff's motion to stay. The reasoning for the Court's decision follows.

## II.  BACKGROUND

Plaintiffs are owners and operators of dental practices that lost income during the height of

1

the COVID-19 pandemic after Governor Jay Inslee issued proclamations covering a wide range of businesses, including non-essential medical care. Dkt. 1-2 ¶¶ 38-49. Defendant is an insurance company that issued Plaintiffs an insurance policy covering "direct physical loss of or damage to covered property." Dkt. 16 at 2. Plaintiffs filed an insurance claim under this policy for income it lost while its business was restricted by Governor Inslee's orders, but Defendant denied coverage on the grounds that COVID-19-related losses did not constitute direct physical loss or damage. *See id.*

This is one of many cases that have come before this Court with very similar facts and identical policy language. In the consolidated action *Nguyen v. Travelers Casualty Ins. Co. of Am*, the Court held that COVID-19-related business losses do not constitute "direct physical loss of or damage to property." 2021 WL 2184878 (W. D. Wash. May 28, 2021). When the Court decided *Nguyen*, the Washington Supreme Court had not interpreted this language in a COVID-19 insurance case. Since then, several Washington trial and appellate courts have ruled on the question, and the Washington Supreme Court has granted review of *Hill & Stout*, which involves identical policy language. *See* Dkt. 15 at 4 (collecting trial court cases); *Hill & Stout PLLC v. Mutual of Enumclaw Ins. Co.*, No. 100211-4 (Wash. Jan. 24, 2022); *see also Seattle Tunnel Partners v. Great Lakes Reinsurance (UK) PLC*, 18 Wn. App. 2d 600, 492 P.3d 843 (2021), *review granted*, 198 Wn.2d 1032, 501 P.3d 133 (Wash. 2022) (consider the meaning of "direct physical loss" outside of the COVID-19 context). The Washington Supreme Court held oral argument in the case on June 28, 2022. *See Hill & Stout PLLC v. Mutual of Enumclaw Ins. Co.*, No. 100211-4 (Wash. June 28, 2022).

Plaintiffs move the Court to stay this case until the Washington Supreme Court has ruled

in *Hill & Stout*. Dkt. 12. Defendant opposes the motion, claiming it is "based on the remote possibility that the Washington Supreme Court could issue a decision diametrically opposed to the prior decision of this Court, the Ninth Circuit, every other state and federal appellate court, hundreds of state and federal courts across the country, and the basic tenets of contract interpretation." Dkt. 19 at 2-3 (citations omitted).

### III.   DISCUSSION

In considering whether to grant a stay, courts consider several factors, including potential prejudice to either party and whether a stay would promote judicial economy. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

The Court will grant Plaintiffs' motion to stay. As Plaintiffs note, this Court and others have stayed numerous COVID-19 insurance cases since the Washington Supreme Court granted review in *Hill & Stout*. Dkt. 15 at 2-3 (citing cases). When this Court decided *Nguyen*, it had to predict how the Washington Supreme Court would interpret the relevant policy language. Now, the Washington Supreme Court has heard argument on identical language. It would not be in the interest of judicial economy for this Court to predict how the Washington Supreme Court would rule when very soon the court will in fact rule.

Contrary to Defendant's characterization, it is not a "remote" possibility that the Washington Supreme Court will disagree with this Court's ruling in *Nguyen*. Although most federal courts that have considered the relevant policy language have granted dismissal for insurance companies, some have not. Furthermore, what federal courts have done is not necessarily an indication of what a particular state's supreme court will do, and Defendant does

not dispute Plaintiffs' claim that two out of the five Washington state courts to have considered similar COVID-19 insurance cases sided with the plaintiffs. *See* Dkt. 12 at 4.

Defendant also argues that *Hill & Stout* is factually distinguishable from this case. However, Defendant fails to elaborate on its claim that "there is the distinct likelihood that the ruling in *Hill & Stout* will be averse [sic] to [Plaintiffs] or too narrow to resolve the legal issues presented here." Dkt. 19 at 4. The court in *Hill & Stout* is considering whether the loss of the ability to use business property due to COVID-19 closures constitutes "direct physical loss of or damage to property." Dkt. 12, App'x A at 11. Defendant cannot reasonably dispute that the meaning of this phrase is a necessary part of any ruling in the instant case. Whether minor factual discrepancies will be enough to distinguish this case is a question that can be better answered once the Washington Supreme Court has ruled on the overarching question of law.

Defendant will not be prejudiced by a stay. The Washington Supreme Court has already held oral argument in *Hill & Stout* and presumably will issue a ruling in the coming weeks. Defendant's motion for summary judgment in this case ripened very recently, on June 23, 2022. It is unlikely that a stay will cause any significant delay in this Court's decision on that motion.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiffs' motion to stay (Dkt. 12) this case pending the Washington Supreme Court's ruling in *Hill & Stout PLLC v. Mutual of Enumclaw Ins. Co.*, No. 100211-4. The parties are directed to file a joint status report no later than 30 days after a final ruling is issued in that case.

4

DATED this 8th day of July, 2022.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE